**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**October 22, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

_____

VINCENT D. GAYLORD,

    Plaintiff - Appellant,

v.

STATE OF KANSAS; TOPEKA POLICE
DEPARTMENT,

    Defendants - Appellees.

No. 25-3127
(D.C. No. 2:25-CV-02194-EFM-RES)
(D. Kan.)

_____

### ORDER AND JUDGMENT[*]

_____

Before **MATHESON**, **PHILLIPS**, and **McHUGH**, Circuit Judges.

_____

Vincent Gaylord, appearing pro se, appeals the district court's dismissal of his

42 U.S.C. § 1983 suit against the State of Kansas and the Topeka Police Department,

which alleged various civil rights violations.[1]

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Gaylord appears pro se, "we liberally construe his filings, but we will not act as his advocate." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

After Mr. Gaylord filed an amended complaint, a magistrate judge issued a report and recommendation ("R&R") recommending dismissal under 28 U.S.C. § 1915(e)(2)(B). The R&R said the Eleventh Amendment barred his claims against Kansas and that the Topeka Police Department lacked capacity to be sued under Kansas law.

Mr. Gaylord objected to the R&R, arguing "in general terms that he was entitled to relief." ROA at 116. The district court adopted the R&R and dismissed the case.

On appeal, Mr. Gaylord asserts that the district court dismissed for his failing to file timely objections. Aplt. Br at 3. But the court found his objections "to be timely." ROA at 116. It dismissed because Mr. Gaylord did not challenge the R&R's recommended grounds to dismiss. On appeal, he again fails to do so, and "we will not question the reasoning of a district court unless an appellant actually argues against it." *Clark v. Colbert*, 895 F.3d 1258, 1265 (10th Cir. 2018) (alterations adopted and citations and quotations omitted); *see also Platt v. Winnebago Indus., Inc.*, 960 F.3d 1264, 1271 (10th Cir. 2020) ("We have held that a failure to raise an issue in an opening brief waives that issue . . . .") (quotations omitted).[2]

---

[2] We ordered Mr. Gaylord to address "whether he waived his right to appellate review of the factual and legal determinations in the magistrate judge's R&R by failing to file specific objections to the R&R." Dkt. No. 2. We do not rely on the firm waiver rule to decide this appeal.

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

Entered for the Court


Scott M. Matheson, Jr.
Circuit Judge